Brassard, J.
The defendant is charged with non-aggravated rape of a child in a 1995 indictment, and was on personal recognizance when in early 1996, he was charged with the instant indictment for violation of a 209A restraining order. The restraining order was originally entered on a temporary basis pursuant to Section 4 of the statute on October 23, 1995, with an expiration date of November 7, 1995 at 9:00 a.m. The defendant was properly served in hand by the Lowell police department on October 24, 1995, but the defendant failed to appear at the November 7, 1995 hearing. At that time, the Lowell District Court extended the earlier order, without modification, until November 7, 1996 at 9:00 a.m. The defendant was not served with a copy of the restraining order as extended. The defendant now moves to dismiss this indictment charging him with violation of the restraining order on the ground that the failure to serve him with the extended restraining order violates the provisions of Chapter 209A as well as the due process to which he is entitled under the Federal and State Constitutions.
Section 4 of Chapter 209A provides for the issuance of temporary restraining orders, and further provides that if the defendant does not appear after subsequent hearing, the temporary order “shall continue in effect without further order of the court.” Section 7 of the statute, however, provides that:
Whenever the court orders under . . . sections three, four and five of this chapter, . . . the defendant ... to have no contact with the plaintiff . . . the . . . clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the appropriate law enforcement agency which, unless otherwise ordered by the court, shall serve one copy of each order upon the defendant. . .
The plain words of this statutory provision require that each order entered under Sections 3, 4 and 5 of Chapter 209A must be served upon the defendant. The Section 7 requirement of service applies even though the temporary order was extended, pursuant to Section 4, because of the defendant’s failure to appear.
A defendant who fails to appear to contest the extension of an order under Chapter 209A is also entitled, by virtue of due process, to notice of the provisions of that extended order so that he can modify his behavior accordingly. Because service was not accomplished in this case, as required by both the statute and due process, the indictment must be dismissed.